United States District Court
Southern District of Texas
**ENTERED**
January 30, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL CASE NO. 2:17-CR-614 |
| | § | |
| MANUEL DEAVILA VELEZ, | § | |
| Defendant. | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant Manuel Deavila Velez's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A). (Dkt. No. 45). For the reasons stated below, the Motion is **DENIED**.

## I. BACKGROUND

Defendant pled guilty to possession with intent to distribute 8.976 kilograms of cocaine. He has served roughly 65 months (54%) of his 120-month sentence and has a projected release date, after good time credit, of March 18, 2026. Defendant now moves the Court for compassionate release due to his medical conditions and COVID-19. His administrative request for compassionate release was denied by the warden of MCFP Springfield on October 20, 2021.

## II. LEGAL STANDARD

The statute, 18 U.S.C. § 3582(c)(1)(A), authorizes a court to reduce a defendant's sentence under certain limited circumstances:

> **(c) Modification of an Imposed Term of Imprisonment.—**
> The court may not modify a term of imprisonment once it has been imposed except that—

> (1) in any case—
>
>> (A) the court, upon motion of the Director of the Bureau of Prisons, or *upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility,* whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>
>>> (i) *extraordinary and compelling reasons warrant such a reduction* . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

The Fifth Circuit previously considered U.S.S.G. § 1B1.13 an applicable policy statement when a prisoner, rather than the Bureau of Prisons (BOP), moved for relief under Section 3582(c)(1)(A)(i). *United States v. Coats*, 853 F. App'x 941, 942 (5th Cir. 2021). In *Shkambi*, however, the Fifth Circuit "joined [its] sister circuits in holding that § 1B1.13 does not actually apply to § 3582(c)(1)(A)(i) motions brought by the inmate." *Id.* (citing *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021) ("Neither the [U.S. Sentencing Commission's compassionate-release] policy statement nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582.")). Although "not dispositive," the commentary to U.S.S.G. § 1B1.13 nonetheless "informs [the Court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit

2

compassionate release." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) (citing *United States v. Rivas*, 833 Fed. App'x 556, 556 (5th Cir. 2020)).[1]

Even if "extraordinary and compelling reasons" for early release exist, the Guidelines' policy statements provide for a reduction in sentence only if a defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C.

---

[1] **(A) Medical Condition of the Defendant.—**

   (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

   (ii) The defendant is—

   (I) suffering from a serious physical or medical condition,

   (II) suffering from a serious functional or cognitive impairment, or

   (III) experiencing deteriorating physical or mental health because of the aging process,

   that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

**(B) Age of the Defendant.—**

   The defendant is (i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less;

**(C) Family Circumstances. —**

   (i)  The death or incapacitation of the caregiver of the defendant's minor child or minor children.

   (ii)  The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

**(D) Other Reasons. —**

   As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary or compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13(1)(A), Application Note 1.

§3142(g)." U.S.S.G. § 1B1.13(2). Factors relevant to this inquiry include: (1) the nature and circumstances of the offenses of conviction, including whether the offense is a crime of violence, or involves a minor victim, a controlled substance, or a firearm, explosive, or destructive device; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

"If the district court makes those two findings"—both that extraordinary and compelling reasons warrant a sentence reduction *and* that a reduction is consistent with the applicable Guidelines' policy statements—"then the court 'may' reduce the defendant's sentence 'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'" *Ward v. United States*, 11 F.4th 354, 359–60 (5th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). The applicable § 3553(a) factors include, among others: the defendant's history and characteristics; the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; the need to deter criminal conduct and protect the public from further crimes of the defendant; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the need to avoid unwarranted sentencing disparities among similarly-situated defendants; and the various kinds of sentences available. *See* 18 U.S.C. §§ 3553(a)(1)-(7). "The district court has discretion to deny compassionate release if the Section 3553(a) factors counsel against a reduction." *Ward*, 11 F.4th at 360.

"[T]he burden falls on the defendant to convince the district judge to exercise discretion to grant the motion for compassionate release . . . ." *Id.* at 361 (internal quotations and alterations omitted); *see also United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019) ("In general, the defendant has the burden to show circumstances meeting the test for compassionate release.").

With respect to motions for compassionate release based on COVID-19:

> A review of a motion for release based on COVID-19 is highly fact-intensive and dependent on the specific conditions of confinement and medical circumstances faced by the defendant. Hence, a prisoner cannot satisfy his burden of proof by simply citing to nationwide COVID-19 statistics, asserting generalized statements on conditions of confinement within the BOP [Bureau of Prisons], or making sweeping allegations about a prison's ability or lack thereof to contain an outbreak. . . . [T]he rampant spread of the coronavirus and the conditions of confinement in jail, alone, are not sufficient grounds to justify a finding of extraordinary and compelling circumstances. Rather, those circumstances are applicable to all inmates who are currently imprisoned and hence are not unique to any one person.

*United States v. Koons*, 2020 WL 1940570, at *4 & n.8 (W.D. La. Apr. 21, 2020) (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)).

> To be sure, courts around the country, in some exceptional cases, have granted compassionate release where the defendant has demonstrated an increased risk of serious illness if he or she were to contract COVID. . . . But that is certainly not a unanimous approach to every high-risk inmate with preexisting conditions seeking compassionate release.
>
> The courts that granted compassionate release on those bases largely have done so for defendants who had already served the lion's share of their sentences and presented multiple, severe, health concerns. . . . Fear of COVID doesn't automatically entitle a prisoner to release.

5

*Thompson*, 984 F.3d at 434–35 (collecting cases) (footnotes and citations omitted).

## III. ANALYSIS

### A. EXTRAORDINARY AND COMPELLING CIRCUMSTANCES

Defendant moves for compassionate release "based on my medical conditions and COVID-19, and its numerous variants, if I contract it and its numerous variants." (Dkt. No. 45). He does not identify these conditions and has offered no medical records documenting that he suffers from any condition that would make him particularly vulnerable to severe illness or death should he contract COVID-19 in prison. He does not indicate whether he has been vaccinated against COVID-19.

"Now that COVID-19 vaccinations are being administered throughout the Bureau of Prisons, compassionate release motions generally lack merit." *United States v. Reed*, 2021 WL 2681498, at *4 (E.D. Pa. June 30, 2021). Courts in this district have repeatedly denied compassionate release to inmates who have been vaccinated against COVID-19, "finding that 'vaccination significantly reduces [the] risk of contracting COVID-19 or experiencing complications related to a COVID-19 infection.'" *United States v. Rodriguez*, 2021 WL 2635381, at *4 (S.D. Tex. June 25, 2021) (quoting *United States v. Beltran*, 2021 WL 398491, at *3 (S.D. Tex. Feb. 1, 2021) (denying compassionate release to inmate with underlying health conditions who had received first vaccine dose), and citing *United States v. Schad*, 2021 WL 1845548, at *3 (S.D. Tex. May 5, 2021) (denying compassionate release to 32-year-old inmate with aortic valve transplant and history of cerebrovascular disease who received both doses of the vaccine); *United States v. Fisch*, 2021 WL 1537274, at *1 (S.D. Tex. Apr. 19, 2021) (denying compassionate release to high-risk inmate who

6

was offered and refused the vaccine); *United States v. Wedding*, 2:19-CR-1693 (S.D. Tex. Apr. 8, 2021) (denying compassionate release to inmate who developed asymptomatic COVID-19 infection three weeks after receiving second vaccine)).[2] Courts have similarly denied compassionate release to inmates who have declined vaccination, finding that "a refusal to take preventative measures to protect oneself from COVID-19 undermines any assertion that the risk of viral infection constitutes an extraordinary and compelling reason justifying release." *United States v. Downer*, 2021 WL 2401236, at *2 (D. Md. June 11, 2021). "While the vaccine is not 100% effective at preventing COVID-19 infection, it reduces the risk of serious illness or death from COVID-19, even in patients with high-risk medical conditions. For this reason, 'the glaring consensus among district courts is that refusal of a COVID-19 vaccine subverts a defendant's compassionate release

---

[2] Decisions across the country overwhelmingly agree that the risk posed by COVID-19 to a vaccinated inmate is not an extraordinary and compelling reason for release. *See, e.g.*, *United States v. Burks*, 2021 WL 1394857, at *3-4 (W.D.N.C. Apr. 13, 2021); *United States v. Gomez-Vega*, 2021 WL 1339394, at *3 (D.N.M. Apr. 9, 2021); *United States v. Burks*, 2021 WL 1291935, at *2 (D. Minn. Apr. 7, 2021); *United States v. Jones*, 2021 WL 1172537, at *2 (E.D. La. Mar. 29, 2021); *United States v. Miller*, 2021 WL 1115863, at *2 (E.D. Mich. Mar. 24, 2021); 2021 WL 1110593, at *1 (W.D. Pa. Mar. 23, 2021); *United States v. Decano*, 2021 WL 1095979, at *6 (D. Haw. Mar. 22, 2021); *United States v. Williams*, 2021 WL 1087692, at *3 (D. Minn. Mar. 22, 2021); *United States v. Gabbard*, 2021 WL 1037724, at *3 (E.D. Mich. Mar. 18, 2021); *United States v. Kosic*, 2021 WL 1026498, at *2 (S.D.N.Y. Mar. 17, 2021); *United States v. Stewart*, 2021 WL 1011041, at *1 (D. Haw. Mar. 16, 2021); *United States v. Godoy-Machuca*, 2021 WL 961780, at *2 (D. Ariz. Mar. 15, 2021); *United States v. Williams*, 2021 WL 966028, at *3 (W.D.N.C. Mar. 15, 2021); *United States v. Roper*, 2021 WL 963583, at *4 (E.D. Pa. Mar. 15, 2021); *United States v. Cardoza*, 2021 WL 932017, at *1 (D. Or. Mar. 11, 2021); *United States v. Poupart*, 2021 WL 917067, at *1 (D. Conn. Mar. 10, 2021); *United States v. Johnson*, 2021 WL 863754, at *2 (W.D. Ky. Mar. 8, 2021); *United States v. Shepard*, 2021 WL 848720, at *5 (D.D.C. Mar. 4, 2021); *United States v. Lipscomb*, 2021 WL 734519, at *2 (M.D. Fla. Feb. 25, 2021); *United States v. Cortez*, 2021 WL 689923 (D. Ariz. Feb. 23, 2021); *United States v. Wakefield*, 2021 WL 640690, at *3 (W.D.N.C. Feb. 18, 2021); *United States v. Grummer*, 2021 WL 568782, at *2 (S.D. Cal. Feb. 16, 2021); *United States v. Ballenger*, 2021 WL 308814, at *4 (W.D. Wash. Jan. 29, 2021).

motion.'" *United States v. Tobin*, 2021 WL 3913584, at *3 (S.D. Tex. Aug. 31, 2021) (quoting *United States v. Sawyers*, 2021 WL 2581412, at *4 (C.D. Cal. June 22, 2021)).[3]

For the foregoing reasons, the Court finds that Defendant has failed to demonstrate that his medical conditions or COVID-19 concerns warrant compassionate release.

---

[3] *See, e.g., United States v. Downer*, 2021 WL 2401236, at *2 (D. Md. June 11, 2021); *United States v. Swindler*, 2021 WL 2374231, at *3 (D.S.C. June 10, 2021); *United States v. Hargrove*, 2021 WL 2210844, at *4 (W.D.N.C. June 1, 2021); *United States v. Strother*, 2021 WL 2188136, at *8 (E.D. Tex. May 27, 2021); *United States v. Redman*, 2021 WL 1737485, at *1 (W.D. Pa. May 3, 2021); *United States v. Deleston*, 2021 WL 1731779, at *2 (S.D.N.Y. May 3, 2021); *United States v. Braxton*, 2021 WL 1721741, at *5 (E.D. Tex. Apr. 30, 2021); *United States v. McIntosh*, 2021 WL 1660682, at *4 (S.D.N.Y. Apr. 28, 2021); *United States v. Cooper*, 2021 WL 1629258, at *7 (E.D. Pa. Apr. 27, 2021); *United States v. Baptiste-Harris*, 2021 WL 1583081, at *2 (D. Me. Apr. 22, 2021); *See United States v. Fisch*, 2021 WL 1537274, at *1 (S.D. Tex. Apr. 19, 2021); *United States v. Garcia*, 2021 WL 1499312, at *3 (C.D. Ill. Apr. 16, 2021); *United States v. Ortiz*, 2021 WL 1422816, at *4–5 (E.D. Pa. Apr. 15, 2021); *United States v. Gianelli*, — F. Supp. 3d. —, 2021 WL 1340970, at *2 (D. Mass. Apr. 9, 2021); *United States v. French*, 2021 WL 1316706, at *6 (M.D. Tenn. Apr. 8, 2021); *United States v. Greenlaw*, 2021 WL 1277958, at *7 (D. Me. Apr. 6, 2021); *United States v. Bautista*, 2021 WL 1264596, at *6 (E.D. Pa. Apr. 6, 2021); *United States v. Baeza-Vargas*, — F. Supp. 3d. —, 2021 WL 1250349, at *2–3 (D. Ariz. Apr. 5, 2021); *United States v. Pruitt*, 2021 WL 1222155, at *3 (N.D. Tex. Apr. 1, 2021); *United States v. Piles*, 2021 WL 1198019, at *3 (D.D.C. Mar. 30, 2021); *United States v. Toney*, 2021 WL 1175410, at *1 (E.D. Mich. Mar. 29, 2021); *United States v. Jackson*, 2021 WL 1145903, at *2 (E.D. Pa. Mar. 25, 2021); *United States v. Austin*, 2021 WL 1137987, *2 (E.D. Mich. Mar. 25, 2021); *United States v. Figueroa*, 2021 WL 1122590, at *5 (E.D. Cal. Mar. 24, 2021); *United States v. White*, 2021 WL 964050, at *2 (E.D. Mich. Mar. 15, 2021); *United States v. Reynoso*, 2021 WL 950081, at *2 (D. Mass. Mar. 12, 2021); *United States v. Byrd*, 2021 WL 929726, at *3 (D.N.J. Mar. 11, 2021); *United States v. Goston*, 2021 WL 872215, at *2 (E.D. Mich. Mar. 9, 2021); *United States v. Israilov*, 2021 WL 861418, at *2 (S.D.N.Y. Mar. 8, 2021); *United States v. Jackson*, 2021 WL 806366, at *2 (D. Minn. Mar. 3, 2021); *United States v. Mascuzzio*, 2021 WL 794504, at *3 (S.D.N.Y. Mar. 2, 2021); *United States v. Martinez*, 2021 WL 718208, at *2 (D. Ariz. Feb. 24, 2021); *United States v. King*, 2021 WL 736422, at *2 (S.D.N.Y. Feb. 24, 2021); *United States v. Robinson*, 2021 WL 719658, at *1 (W.D. Pa. Feb. 23, 2021); *United States v. Lohmeier*, 2021 WL 365773, at *2 (N.D. Ill. Feb. 3, 2021); *United States v. McBride*, 2021 WL 354129, at *3 (W.D. N.C. Feb. 2, 2021); *United States v. Williams*, 2021 WL 321904, at *3 (D. Ariz. Feb. 1, 2021); *United States v. Gonzalez Zambrano*, 2021 WL 248592, at *5 (N.D. Iowa Jan. 25, 2021).

### B. SENTENCING GUIDELINES POLICY STATEMENTS AND 18 U.S.C. § 3553(A) FACTORS

The offense int this case involved the trafficking of roughly 9 kilograms of cocaine. As described in the Presentence Report (PSR, Dkt. No. 14), Defendant had two prior convictions for driving while intoxicated, and he was on probation at the time he committed the current offense. He has failed to submit any evidence regarding his conduct and rehabilitative efforts while in prison. Moreover, while his proposed release plan states that he will live with his wife in Texas, the PSR states that Defendant is a Mexican national and will likely be deported upon his release from prison.

Based on the nature and circumstances of the offense of conviction, the weight of the evidence, and the danger to the community that would be posed by Defendant's early release, the Court finds that compassionate release would not be consistent with the applicable Sentencing Guidelines' policy statements. *See* 18 U.S.C. § 3142(g); U.S.S.G. § 1B1.13(2). The Court further finds that releasing Defendant when he has served only half of his sentence would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense, nor would it deter criminal conduct or protect the public from further crimes of the defendant. *See* 18 U.S.C. § 3553(a)(2).

### IV. CONCLUSION

The Court finds that Defendant has failed to demonstrate that extraordinary and compelling reasons warrant compassionate release and that release would be inconsistent with the applicable policy statements issued by the Sentencing Commission

and Section 3553(a).   Defendant's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Dkt. No. 45) is therefore **DENIED**.

It is SO ORDERED.

Signed on January 28, 2023.

                                                             *[signature: Drew B. Tipton]*
                                                             **DREW B. TIPTON**
                                                         **UNITED STATES DISTRICT JUDGE**